*handwritten notes at top: 9/18, 9/19 cont, 9/19 cont, 9/26 cont, 9/26 cont, 3*

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

RECEIVED
9/18/06
Clerk & Master

**LeShawn Madden Witherow,
Individually and as next friend of
Edward Craig, a minor,**
                                    PLAINTIFF

VS.                                                    DOCKET NO. 06-0788

**CMH Parks, Inc. d/b/a Ponderosa Pines Mobile Home Park
and Ed Kirkland,**                        PART __
                                    DEFENDANT

## SUMMONS

TO DEFENDANT: <u>Ed Kirkland – work Ponderosa Pines Mobile Home Park, office 8101 Sue Drive, Ooltewah, TN.</u>
WHOSE ADDRESS IS _____

_____

OTHER SERVICE INFORMATION <u>CMH Parks, Inc. – Registered Agent – Kevin T. Clayton – 5000 Clayton Road,</u>
<u>Maryville, TN 37804</u>

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, Hamilton County Courthouse, Suite 300, 201 East 7th Street, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this _18th_ day of _September_, 20_06_.

S. LEE AKERS, CLERK & MASTER

By: _[signature]_
DEPUTY CLERK & MASTER

<u>William G. Schwall</u>    <u>2202</u>
Plaintiff Attorney         BPR#
or Plaintiff if no attorney (*pro se*)

<u>737 Market Street, Suite 614</u>
Address

<u>Chattanooga, TN 37402</u>

<u>(423) 755-6907</u>    <u>(423) 265-9134</u>
Tel. NO.                Fax NO.

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a

EK.A

# SUMMONS RETURN

I received this summons on ___9-19-06___ . I certify and return that on ___9-27-06___ , I
                                (Date)                                                      (Date)

☒ served this summons and a complaint on defendant, ___Ed Kirkland___
                                                                        (Printed Name of Defendant)

in the following manner:

___Personal Service___

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

___Wayne Johnson___                    ___[signature]___
Process Server Name (Printed)           Process Server Signature

___Sheriff Dept___
Address

[Form 114, Rev 2002.01.15]

06 SEP 28 AM 11: 13

FILED

# State of Tennessee
## IN THE CHANCERY COURT FOR HAMILTON COUNTY

**LeShawn Madden Witherow, Individually and as next friend of Edward Craig, a minor,**
　　　　　　　　　　PLAINTIFF

VS.　　　　　　　　　　　　　　　　　DOCKET NO. 06-0788

**CMH Parks, Inc. d/b/a Ponderosa Pines Mobile Home Park and Ed Kirkland,**
　　　　　　　　　　DEFENDANT　　　　PART __

## SUMMONS

TO DEFENDANT: Ed Kirkland – work Ponderosa Pines Mobile Home Park, office 8101 Sue Drive, Ooltewah, TN.
WHOSE ADDRESS IS _____

OTHER SERVICE INFORMATION CMH Parks, Inc. – Registered Agent – Kevin T. Clayton – 5000 Clayton Road, Maryville, TN 37804

You are summoned and required to Answer and make defense to a Complaint herewith served upon you. Your Answer to the Complaint must be filed and served upon plaintiff's attorney on or before thirty (30) days after service of this Summons and Complaint upon you, exclusive of the day of service. Your Answer must be filed in the OFFICE OF THE CLERK & MASTER, Hamilton County Courthouse, Suite 300, 201 East 7th Street, Chattanooga, Tennessee 37402. You are also required to serve a copy of your Answer upon the plaintiff's attorney, or the *pro se* plaintiff as set out below. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

ISSUED & TESTED this 18th day of September, 2006.

　　　　　　　　　S. LEE AKERS, CLERK & MASTER
　　　　　　　　　By _____
　　　　　　　　　　　　DEPUTY CLERK & MASTER

William G. Schwall　　　　　　2202
Plaintiff Attorney　　　　　　　BPR#
or Plaintiff if no attorney (*pro se*)

737 Market Street, Suite 614
Address

Chattanooga, TN 37402

(423) 755-6907　　　　　　(423) 265-9134
Tel. NO.　　　　　　　　　　Fax NO.

06 OCT -2 　　11:37

**NOTICE TO DEFENDANT(S)**
Tennessee Code Annotated § 26-2-103 provides a $4,000.00 personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk & Master. The list may be filed at any time and may be changed by you thereafter as necessary; however unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you, would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SUMMONS RETURN

I received this summons on __09-18-06__. I certify and return that on __09-25-06__, I
　　　　　　　　　　　　　　　(Date)　　　　　　　　　　　　　　　　　　　　　　　　　(Date)

☒ served this summons and a complaint on defendant, __CMH Parks, Inc.__
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　(Printed Name of Defendant)

in the following manner:

__Certified Mail with attached return receipt__

☐ failed to serve this summons within thirty (30) days after its issuance because:

_____

__William G. Schwall__　　　　　　　　　_William G. Schwall_
　Process Server Name (Printed)　　　　　　　Process Server Signature

　　　__737 Market Street, Suite 614__
　　　　　　　　　　Address
　　　__Chattanooga, TN 37402__

[Form 114, Rev 2002.01.15]

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X athe Ann  ☐ Agent ☒ Addressee<br>B. Received by (Printed Name)　C. Date of Delivery<br>SEP 2 5 2006 |
| 1. Article Addressed to:<br><br>CMH Parks, Inc.<br>Kevin T. Clayton<br>5000 Clayton Road<br>Maryville, TN 37804 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>3. Service Type<br>☒ Certified Mail　☐ Express Mail<br>☐ Registered　☐ Return Receipt for Merchandise<br>☐ Insured Mail　☐ C.O.D.<br>4. Restricted Delivery? (Extra Fee)　☒ Yes |
| 2. Article Number<br>(Transfer from service label)　7004 2510 0004 8715 1074 | |
| PS Form 3811, February 2004　　Domestic Return Receipt　　102595-02-M-1540 | |

# IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE

| | |
|---|---|
| LESHAWN MADDEN WITHEROW, ) | |
| Individually and as next friend of ) | |
| EDWARD CRAIG, a minor, ) | DOCKET NO. 06-0788 |
| Plaintiff, ) | |
| ) | PART ___ |
| v. ) | |
| ) | |
| CMH PARKS, INC. d/b/a PONDEROSA ) | |
| PINES MOBILE HOME PARK and ) | |
| ED KIRKLAND, ) | |
| ) | |
| Defendant. | |

## COMPLAINT

Comes now Plaintiffs, and for a Complaint would show the Court the following:

1. Plaintiff is an individual residing in Hamilton County, Tennessee. Edward Craig is her son, date of birth June 11, 1997. LeShawn Witherow has legal custody of her said son. CMH Parks, Inc. is a corporation doing business in Hamilton County, Tennessee under the name of Ponderosa Pines Mobile Home Park. Ed Kirkland is a Georgia resident who is the manager of Ponderosa Pines Mobile Home Park. The actions complained of occurred in Hamilton County, Tennessee and this Court has jurisdiction and venue over the Parties and this cause of action;

2. Defendant Parks operates Ponderosa Pines Mobile Home Park located in Hamilton County, Tennessee. Ed Kirkland is its employee and manager of the said mobile home park. Plaintiff is a tenant of Defendant Parks and resides at 8272 Saddleback Circle, Ooltewah, Hamilton County, Tennessee;

3. Defendant Parks is a large corporation with more than one thousand (1,000) employees. Plaintiff resides in the Ponderosa Pines Mobile Home Park and at the time of the actions complained of, she and her family were the only African-American residents of the mobile home park. The mobile home park houses modular homes rather than the typical portable mobile home;

4. When Plaintiff moved in to the mobile home park in March, 2004, she was given a set of rules and regulations that Defendant Parks had established for the operation of Ponderosa Pines Mobile Home Park. A copy of the rules and regulations is attached to this Complaint as Exhibit 1 and incorporated by reference herein;

5. Defendant Kirkland, as the manager of the said mobile home park, had long singled out Plaintiff for snide and derogatory comments as well as disparate treatment. Plaintiff was unaware of the exact reasons for this disparate treatment; although, it appeared that the white residents of the mobile home park were permitted to maintain activities and structures that she was not;

6. On Christmas 2005, Plaintiff, Edward Craig was given a portable basketball goal as a Christmas present. On December 26, 2005, the Plaintiff's family began to erect this portable basketball goal on Plaintiff's lot. Defendant, Kirkland drove to the property almost as soon as Plaintiffs began to put up the basketball goal. He told Plaintiffs that the mobile home park rules and regulations did not permit basketball goals. The said rules do not prohibit basketball goals. Plaintiffs pointed out to Defendant Kirkland that numerous of the houses within their own view had basketball goals that had been up for a year or more and he had never objected to them. Defendant Kirkland then said that made no difference and that their basketball goal had to go down. Plaintiffs said

they would not take their basketball goal down unless they made the other tenants, all of whom were white, take down their basketball goals. Defendant Kirkland then became irate and in the presence of Plaintiffs and other members of their family, called Plaintiffs a "black nigger". The said comment was directed at Plaintiffs because of their protected statuses as African-Americans and was intended to cause emotional distress. The comment was oppressive in nature and caused Plaintiffs not only emotional distress, but fear as to their status as tenants. Plaintiffs are unable to move from the property because of contractual restrictions, all of which was well known to Defendant Kirkland;

7. Plaintiffs complained to Defendant Parks who took no substantial action to correct or limit Defendant Kirkland nor did it discharge him. Following this complaint, Defendant Kirkland engaged in a vendetta to destroy and harass Plaintiffs. He harassed and threatened their friends in the mobile home park, refused to provide essential services and to continue to make disparate demands upon Plaintiffs, which required them to do acts that were different and are more restrictive than required by the white comparators living in the said mobile home park;

8. Defendants and their agents have engaged in a barrage of telephone calls and personal contacts with Plaintiffs, demanding that she either drop her complaints or settle with them without contacting an attorney. When Plaintiff filed a complaint with the Human Rights Commission and Housing and Urban Development, they redoubled their efforts and drove Plaintiffs' friends out the mobile home park and made constant harassing calls and sent employees to Plaintiff, demanding that she drop her complaint;

9. Defendants' actions are disparate and discriminatory housing practices in violation of T.C.A. § 4-21-601;

10. Defendants' actions were malicious and intended to cause emotional damage to Plaintiffs and constitute outrageous conduct and/or negligent infliction of emotional injuries;

11. Defendants' actions caused intentional infliction of emotional injury;

12. Defendants' actions are retaliatory in nature;

13. Defendants' actions violate **Title Six of the Civil Rights Act of 1964 (42 U.S.C.A. § 2000 et. seq.)**;

14. Defendants actions violate **§ 109 of Title One of the Housing and Community Development Act of 1974 (42 U.S.C.A. § 5301 et. seq.)**;

15. Defendants' actions violate the **Fair Housing Act (42U.S.C.A. § 3601 et. seq.)**;

16. Defendant's actions violate the **Tennessee Human Rights Act (T.C.A. § 4-21-601 et. seq.)** and are malicious harassment in violation of T.C.A. § 4-21-607; and

17. Defendants' actions have caused severe mental suffering, humiliation and embarrassment to Plaintiffs and are forcing them to abandon their house and its equity. She has had to cease taking care of children in her home. These actions are ongoing and intolerable. Unless this Court enjoins the actions of Defendants, Plaintiffs will suffer irreparable injury.

PREMISES CONSIDERED, PLAINTIFFS PRAY:

(a) for service of process upon Defendant;

(b) for compensatory damages in the amount of one million dollars ($1,000,000.00) and punitive damages in the amount of ten million dollars ($10,000,000.00), or a higher amount as in the discretion of the jury;

(c) that this Court enjoin the actions of Defendants and keep them from harassing, harming or otherwise, bothering Plaintiffs;

(d) that this matter be tried by jury; and

(e) for such other, further and general relief to which Plaintiffs may be entitled.

*William G. Schwall*
William G. Schwall, BPR # 2202
Attorney for Plaintiff
737 Market Street, Suite 614
Chattanooga, TN 37402
(423) 755-6907

 

**CLERK & MASTER**
**CHANCERY COURT OF TENNESSEE**
**ELEVENTH JUDICIAL DISTRICT OF TENNESSEE**
**CHATTANOOGA, TENNESSEE**

# NOTICE

The AMERICANS WITH DISABILITIES ACT prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the AMERICANS WITH DISABILITY ACT, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities for any qualified individual with a disability.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator. http://www.tsc.state.tn.us

If you need assistance, have questions or need additional information please contact either:

| | |
|---|---|
| Hamilton County Judicial Program<br>ADA Coordinator<br>625 Georgia Avenue, Room 500<br>Chattanooga, TN 37402<br>(423) 209-6700 | Julie Taylor<br>Tennessee Judicial Program<br>ADA Coordinator<br>Administrative Office of the Courts<br>Nashville City Center, Ste 600<br>511 Union St,<br>Nashville, TN 37243<br>1-800-448-7970 |

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as Request for Modification form may be found online at:
www.tsc.state.tn.us

Page 1 of 1 page.
NOTICE: AMERICANS WITH DISABILITIES ACT

## RULES AND REGULATIONS



### GENERAL

A    CMH Parks Inc reserves the right to approve or reject a manufactured home because of its size condition. or appearance so tha CMH Parks Inc may maintain the high standards of the Community

B    All Residents shall be required to complete an application for admission prior to residing in the Community and furnish CMH Parks, nc all of the information required by State law If an application for residency is found to be falsified or misleading. it is grounds for termination of the Lease. even if the application is otherwise approved

C    FAILURE OF RESIDENT TO COMPLY WITH THESE RULES AND REGULATIONS MAY RESULT IN TERMINATION OF THE LEASE.

### SITE MAINTENANCE

A    SITE MAINTENANCE IS THE RESPONSIBILITY OF THE RESIDENT The lawn should be kept clean, with grass cut. trimmed fertilized, watered and weeded to maintain a well cared for appearance. There shall be no trash or debris in the patio areas or under the deck or home CMH Parks. Inc may. after notice, perform site maintenance on the Resident's space and bill the Resident for this service. with payment due three days after billing Performing this service or the offer to perform this service and billing the Resident shall in no way relieve the Resident of the responsibility to comply with this rule At the option of CMH Parks. In . the Lease may be terminated for failure of the resident to maintain his/her site.

B    Resident shall be responsible for maintenance or trimming of any trees or other plants, including removal of trees upon management's written approval IF THE RESIDENT PLANS TO DO ANY DIGGING ON THE SITE. CMH Parks. Inc must be contacted first so that placement of utility lines or pipes can be identified If any such utility line or pipe is damaged by the Resident, his agent, or contractor. the Resident must repair such damage immediately at his/her own expense to CMH Parks. Inc 's satisfaction If CMH Parks. Inc is required or elects to repair such damage to protect the Community's property or because of the Resident's failure to repair the same. the Resident shall be responsible for such repair bills and must pay the full sum within three days after billing

C    The use of any furniture on the patio or deck is prohibited unless it is outdoor patio furniture approved by CMH Parks. Inc NO OVER-STUFFED FURNITURE, IRONING BOARDS, MOPS, FREEZERS. REFRIGERATORS. WASHING MACHINES, ETC . ARE ALLOWED OUTSIDE THE HOME CMH Parks. Inc may. after notice. remove such furniture or material and bill the Resident for this service which will be paid within three days after billing

D    NO FUEL, OIL. OR OTHER MATERIALS OF ANY EXPLOSIVE NATURE WILL BE STORED ON ANY HOME SITE This will create a fire hazard and constitute a violation of local fire codes Only a minimal amount of gasoline can be stored at the site for use in law mowers or other yard maintenance equipment. but in no event shall any amount be stored beyond that which is allowed by local codes

E    Excessive oil dripping which causes damage to the driveways. sidewalks. pavement. or roads. must be cleaned by the Resident and any damage must be repaired at Resident's expense When wood chips, bark, rocks or pebbles are used as part of the landscaping the Resident will not permit such ground cover to spread or otherwise disperse onto the street. sidewalk. or driveway If this does occur. the resident must remove and clean such ground cover from said areas immediately

F    Except with management's written approval. no signs are to be posted

### CHILDREN

Children are not permitted to play in the streets or in the playground after dark unless accompanied by a parent Skateboards are not permitted in streets, pool area. tennis courts. or other common areas Parents are responsible for their children at all times

### LAUNDRY

No hanging of washings or clothing of any kind will be permitted on individual sites

_____ (Initial)

## TRASH DISPOSAL

The dumping of any refuse on empty spaces, in any area around the recreation, service center areas or across any fence or into any ditches is strictly prohibited. Each Resident will place trash along roadway on the morning that trash is picked up as specified by trash service. Garbage and trash not permitted outside at any other time. Each Resident will be responsible for placing garbage in approved containers at the front of the sites on the designated days for pick-up as applicable. Garbage and trash will not be placed curb side of the Resident's site prior to the designated pick-up day. Empty containers will be placed out of sight by the end of the designated pick up day.

## PETS

CMH Parks, Inc. reserves the right to restrict both the number and types of pets allowed. Pets of Residents may be prohibited solely at the reasonable discretion of CMH Parks, Inc. Resident shall not be allowed more than a total of two pets. This can be two dogs, two cats or one of each. Pets will be approved only if they are house pets. Dogs may not exceed 25 pounds each.

- A  Each pet must be licensed and inoculated in accordance with local laws

- B  Pets are to be kept within Resident's home, except when Resident is walking the pet on a leash. No animal may be tied up in Resident's yard

- C  A pet running loose will be impounded at the Resident's expense, and the Resident may be notified to vacate his site or give up said pet. NO OUTDOOR DOG RUNS OR DOG HOUSES ARE ALLOWED

- D  Pets will not be allowed in any common or recreational area at any time

- E  Any excrement left by a pet outside must be picked up immediately and disposed of by the Resident. Damage to the landscaping, site, or other Community property will be repaired at the expense of Resident and may be cause for termination of Resident's lease at CMH Parks, Inc.'s discretion

- F  Pets will not be allowed to cause any disturbance which might annoy neighbors. IF A PET CAUSES ANY DISTURBANCE OR ANNOYANCE SUCH AS BARKING, GROWLING, HOWLING, BITING, OR ANY OTHER UNUSUAL NOISES, DAMAGE OR HARM TO A NEIGHBOR; PERMISSION TO KEEP THE PET WILL BE REVOKED

- G  Guests of Resident may NOT bring pets into Community at any time. If any violation of the pet rules is observed or a valid complaint is made by another Resident, the pet owner will receive an official warning in writing to either correct the problem, dispose of the pet or vacate the property. If a second violation is noted or a second valid complaint is received, the pet owner will receive a notice to vacate the property

## HOME AND ACCESSORIES

Unless otherwise provided, the following accessories and equipment MUST be provided as part of the improvements to the Home

- A  SKIRTING: A uniform skirting approved by CMH Parks, Inc. must be installed COMPLETELY around the home with skirting which matches the colors used on the home. The skirting MUST be an acceptable vinyl manufactured home skirting. Skirting must be maintained at all times

- B  DECKS: Decks must be installed and constructed to the minimum size of 6' x 8' or forty-eight sq. ft. Decks must be raised to the level of entrance to the home and have handrails. Decks <u>must</u> be skirted with material approved by CMH Parks, Inc.

- C  STAIRS: All homes must have rear steps with a landing of not less than 16 sq. ft and must be maintained in a good state of repair

- D  AWNINGS, STORAGE SHEDS AND ENCLOSURES: All awnings, storage sheds, and enclosures must be approved by CMH Parks, Inc. prior to installation both in regard to type and location. Fences, clotheslines, window air conditioners, CB or TV antennas, ham radios, satellite dishes or paper boxes are <u>not</u> permitted

2

_LM_ (initial)

E     COMPLIANCE WITH BUILDING CODES: It is recommended that all accessories be installed by licensed contractors however, all improvements or accessories must comply with existing building codes

F     HITCHES: Hitches must be removed

G     TRAMPOLINES Trampolines, above ground swimming pools and other hazardous equipment are not allowed on Resident's ot

H     WINDOW COVERINGS: Blankets aluminum foil, etc may not be used as window coverings

**THE SKIRTING, DECK AND REAR STEPS MUST BE INSTALLED WITHIN 30 DAYS OF THE DATE THE RESIDENT'S LEASE BEGINS

## UTILITIES

A     All wiring and plumbing inside and outside the home must comply with the appropriate Federal, State and local requirements Permission to alter existing Community wiring or plumbing must be obtained in writing from CMH Parks, Inc Such alteration will be at the expense of Resident

B     Unless otherwise notified, the Resident is responsible for all costs incidental to connection of the home to the existing Community facilities and utilities

C     Tampering with utility service connections (plumbing, wiring, etc) and other Community utility connections is strictly forbidden CMH Parks, Inc should be immediately informed of the malfunction of the equipment which will be referred to the appropriate utility or repaired by CMH Parks, Inc

D     Under no circumstances will CMH Parks, Inc be responsible for any obligations contracted by Resident for repair or maintenance to CMH Parks, Inc's property regardless of the nature of the problem. If the Resident contemplates any action outlined above, he should notify CMH Parks, Ind

E     The utility pedestals (meter or utility hookups) must be accessible to CMH Parks, Inc. at all times

F     All homes with electric water heaters must have a check valve installed in the inlet water line CMH Parks, Inc. is not responsible for damage to Resident's water heater in the event park water is shut off.

G     Resident is responsible for having pressure reducer valve installed in incoming water lines

## VEHICLE CONTROL

A     SPEED LIMIT: For the safety and well being of the Resident, the speed limit shall be 15 miles per hour unless otherwise posted in the Community PLEASE WATCH FOR CHILDREN

B     PARKING ON STREETS: No general or overnight parking will be allowed on streets of the Community Resident may not park their own vehicles on the streets or in the guest parking area without prior consent of CMH Parks, Inc

C     PARKING Resident may park only such number of conventional passenger vehicles on the driveway that do not extend into the street Neither Resident nor their guest may park any vehicle on another Resident's space or vacant site without the express permission of that or CMH Parks, Inc whichever is applicable. Guests shall park in designated guest parking areas, if available, or in their host's space if available Under no circumstances will Resident or Resident's guest park on grass or places other than the designated parking areas as outlined herein

D     LEGAL REQUIREMENTS: All motorized vehicles must meet State legal requirements in order to be located or operated in the Community

E     INOPERABLE OR JUNK VEHICLES: No unusable or unsightly vehicles will be allowed in the Community unless CMH Parks, Inc has specifically designated areas for such storage Such vehicle storage must be by written permission by CMH Parks Inc No such unsightly or inoperative vehicle may be parked or stored anywhere within the Resident's space or in the streets of the Community and all such vehicles will be towed at the expense of the owner

_____ (Initial)

3

F    REPAIRS: Repair or spray painting of any vehicle at the site or anywhere in the Community is strictly prohibited. Minor repairs (i.e. plugs, points, changing of a tire with a tire jack) will be allowed only in designated areas with no damage to the pavement and if such repairs are completed within 24 hours without disturbing other residents.

G    INSURANCE: All motorized vehicles operated in the Community must have public liability and property damage insurance. CMH Parks, Inc. may prohibit the operation of a motorized vehicle in the Community if upon request of CMH Parks, Inc. proof of insurance covering the vehicle cannot be obtained or provided by the Resident.

H    MOTORCYCLES ETC: Motorcycles, motor scooters, or mini-bikes are considered transportation vehicles. Under no circumstances are these vehicles to be driven or ridden inside the Community for entertainment.

I    RECREATIONAL VEHICLES: Recreational vehicles, campers, trailers, motor homes and boats may not be parked in guest parking, or the Resident's site, or on the street except by prior written agreement with CMH Parks, Inc. They may be parked only at designated spaces. Management shall not be liable for such stored vehicles.

## SWIMMING POOL

The use of the swimming pool is a privilege extended to help make your residence more enjoyable.

A    Tampering with the thermostats or equipment on the pool is STRICTLY FORBIDDEN

B    Swimming hours are posted

C    State health laws requires that a person shower before entering the pool.

D    Swimmers must not use bobby pins or hair pins while in the pool, as they leave unremovable rust stains and will damage the filter pumps

E    No glass will be allowed in the pool area

F    No alcoholic beverages are permitted in the pool area

G    No safety equipment is to be removed from the pool

H    No running, horse-play or games are allowed in the pool or the areas adjacent to the pool

I    Resident may have a reasonable number of guests, provided their presence does not overcrowd the pool. Resident must accompany guests at all times

J    Do not swim alone! Make sure someone else is in or around the pool in case you need help

K    Additional rules regarding the use of the pool are posted in the pool area. The CMH Parks, Inc. and the Owners are not responsible for accidents or injuries resulting from the use of the pool

L    Pool tags will be required for anyone using the pool.

M    No cut offs or T-shirts allowed

N    THE POOL IS TO BE USED AT YOUR OWN RISK. NO LIFE GUARD ON DUTY. Children under the age of 14 must be accompanied by parent or legal guardian at all times

## SOLICITING AND PEDDLING

Soliciting, peddling or selling within the Community is strictly prohibited. Please report any such activity immediately.

## DISTURBING NOISES

Loud and disturbing noises are NOT permitted at any time. Sound equipment and musical instruments should be played at a level which will not annoy other Resident's. Loud parties will NOT be permitted at any time

_LAL_ (Initial)                        4

## QUIET HOURS

Quiet hours are between 10:00 p m and 7:00 a m

Posted traffic sign, pool rules and any other posted notices are to be considered a fixed part of these rules and regulations

I have received a copy of these Rules and Regulations

*[signature: Shawn Madden]*
Signature of Resident

Date: 3- -06  picked up

3-24-04

Date:

_____
Signature of Resident

5

| IN THE CHANCERY COURT OF HAMILTON COUNTY, TENNESSEE | UNIFORM CIVIL AFFIDAVIT OF INDIGENCY T.C.A. § 20-12-127, Tenn. Sup. Ct. R 29. | PART 1 ☐ PART 2 ☐ ACTION No. 06-0788 |
|---|---|---|
| PLAINTIFF LESHAWN MADDEN WITHEROW, INDIVIDUALLY AND AS NEXT FRIEND OF EDWARD CRAIG, A MINOR. | | DEFENDANT CMH PARKS, INC. D/B/A PONDEROSA PINES MOBILE HOME PARK AND ED KIRKLAND |

I, LeShawn Madden Witherow, a resident of Tennessee, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the expenses of this action, and that I am justly entitled to the relief sought to the best of my belief. The following facts support my poverty.

| 1. Full Name LeShawn Madden Witherow | 3. Telephone Number |
|---|---|
| 2. Address | 4. Date & Place of Birth 10-05-76 |

| 5. Names & Ages of All Dependents | Name Devontay | | Age Minor Relation Son |
|---|---|---|---|
| | Name Edward | | Age Minor Relation Son |
| | Name Jessica | | Age Minor Relation Daughter |
| | Name Dominique | | Age Minor Relation Daughter |

| 6. I am employed by | Employer None | Employer's Address None | Employer's Phone Number |
|---|---|---|---|

7. My present income, *from all sources*, after federal income/social security taxes are deducted, is $ ___ per week  $ ___ per month

8. I receive or expect to receive money from the following:

| SSI $ | per month beginning | AFDC $ | per month beginning |
|---|---|---|---|
| Retirement $ | per month beginning | Unemployment $ | per month beginning |
| Other $ | per month beginning | Worker's comp $ | per month beginning |
| | | Disability $ | per month beginning |

| 9. My expenses are | Rent/House Pmt $800.00 per month | Gas $ per month | School Supplies $ per month |
|---|---|---|---|
| | Groceries $600.00 per month | Transportation $200.00 per month | Clothing $120.00 per month |
| | Electricity $200.00 per month | Medical/Dental $100.00 per month | Child Care $ per month |
| | Water $20.00 per month | Telephone $135.00 per month | Child Support $ per month |
| | Other (identify) | | $ per month |

| 10. My assets are (Fair Market Value) | Automobile $ | House $ no net value | Checking/Savings Account $ | Other $ |
|---|---|---|---|---|

| 11. My debts are | $40,000.00 | Owed to house | Reason for debt |
|---|---|---|---|
| | $ | Owed to | Reason for debt |
| | $ | Owed to | Reason for debt |
| | $ | Owed to | Reason for debt |

NOTICE: filing under a pauper's oath without giving security for costs and without payment of litigation taxes due does not relieve you from responsibility for the costs and taxes but suspends their collection until taxed by the court. T.C.A. §20-12-127(b).
I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this action.

Sworn to and subscribed before me this ___ day of September '06

[signature] Deborah M Yorkman
DEPUTY CLERK expires 11/4/09

[TENNESSEE NOTARY PUBLIC seal]

PLAINTIFF SIGNATURE
[signature] LeShawn Madden Witherow

**DETERMINATION OF INDIGENCY**

It appears based upon this affidavit filed in this action, and after due inquiry made, that the PLAINTIFF:
☑ is an indigent resident of Tennessee and is qualified to file this case on a pauper's oath.
☐ is not an indigent person eligible to file upon a pauper's oath because:

THIS 18 DAY OF September, 2006.

[signature] ___, D.C.
CLERK & MASTER

**NOTICE: IF THE COURT DETERMINES THAT BASED UPON YOUR AFFIDAVIT YOU ARE NOT ELIGIBLE TO PROCEED UNDER A PAUPER'S OATH, YOU HAVE THE RIGHT TO A HEARING BEFORE THE CHANCELLOR.**

06 SEP 18 AM 9: 55

FILED
SHERRIE AKERS, C&M